The judge on the trial found that the defendant was orally notified before the renewal of the policy that steam power had been introduced into the mill, and consented to continue the insurance, after notice of the change, and thereupon the plaintiffs paid the premium for another year, and received a renewal certificate from the company. The fact of notice was denied by the defendant, but there is evidence *Page 4 
tending to support the conclusion of the judge, upon that question.
The policy contained a provision, that in case of any change of risk, not made known to the company by the assured, at the time of renewal, and indorsed thereon in writing, the policy and the renewal "shall be null and void," and the further provision that no agreement unless indorsed on the policy shall be construed as a waiver of any of the conditions therein.
It is claimed by the defendant that the parties have, by their contract, made an indorsement on the policy the only competent evidence of notice, where there has been a change of risk, and that in the absence of such an indorsement, the condition attaches, and the contract of renewal is void. We do not think that this question arises in the case, in view of the further fact found by the judge, that the steam power was so annexed to the mill, that the risk was not thereby increased. The evidence was that the boiler and engine were placed in a safe building, detached from the mill, and that the connection between the engine and the mill, was by a shaft passing through a window, and that the wall of the mill opposite the engine-house was of stone, two and a half feet in thickness. The evidence authorized the finding that the annexation of the steam power did not increase the risk. If there was no increase of hazard by reason of the annexation of the steam power there was no change of risk, within the meaning of the policy, and no notice was required to be given. The object of the provision requiring notice where the risk has been changed, is to enable the company to act intelligently upon the application for renewal. If the risk was not increased by changes in the condition of the property, the company had no interest in knowing the fact that they had been made. If notice was not given the assured would lose the benefit of the contract if it turned out that the risk was increased thereby.
Upon the ground that the provision as to notice did not, upon the facts found, apply to this case, and without passing *Page 5 
upon the other question argued, we are of opinion that the judgment should be affirmed.
All concur.
Judgment affirmed.