PETER WALSH, APPELLANT, *v.* THE HARTFORD FIRE INSURANCE COMPANY, RESPONDENT.

*Policy of insurance — indorsement of consent to violation of condition — power of general agent to waive condition.*

A policy of insurance issued to the plaintiff provided that if the insured premises became and remained vacant for fifteen days, without the consent of the company indorsed upon the policy, it should become void, and it also provided that no officer or agent of the company should be held to have waived any of the terms or conditions thereof, unless such consent were indorsed upon the policy.

After the issuing of the policy the plaintiff's son notified the general agent of the defendant that the house had become vacant, and, upon his consenting that it might remain so, asked if it were necessary that it should be indorsed upon the policy, to which the agent replied that it was not; that he had entered it upon the books of the company, which was all that was necessary. In an action upon the policy to recover for a loss occurring while the house was unoccupied, *held*, that the general agent of the company had power to, and that he did by his act waive the condition of the policy requiring his consent to be indorsed upon the policy, and that the plaintiff was entitled to recover.

A general agent of an insurance company is one who is authorized to accept risks, to agree upon and settle terms of insurance, and to carry them into effect by issuing and renewing policies.

APPEAL from a judgment in favor of the defendant, entered upon an order made at the Circuit, nonsuiting the plaintiff.

*D. O'Brien*, for the appellant.

*F. W. Hubbard*, for the respondent.

MULLIN, P. J.:

The defendant insured the plaintiff's dwelling-house at Carthage, in Jefferson county, for the term of three years, from the 27th of November, 1871, for the sum of $1,500 ; the policy was renewed on the 27th of November, 1874, for three years longer.

The policy contained the following condition amongst others, viz.: "If the premises hereby insured shall become vacated by the removal of the owner or occupant, and so remain for a period of more than fifteen days without notice to the company and consent indorsed hereon, then the policy to be void. It is further expressly covenanted by the parties hereto that no officer, agent or representative of this company shall be held to have waived any of the terms or conditions of this policy, unless such waiver shall be indorsed hereon in writing." There is in the policy this clause also : "This policy is made and accepted upon the above express condition."

The house was occupied by one Neary ; he moved out of it on the 3d of June, 1875. The defendant's agent at Carthage was informed by plaintiff's son, by direction of his father, that the house was vacant, and he requested the agent to consent that it might remain vacant, and he said he would. He was asked if it was necessary to get the policy, so as to have the consent indorsed upon it ; the agent replied that it was not, that he had entered it on the book furnished him by the company, and it was all right, and he might go about his business ; the consent was entered on the book so kept by the agent.

Carpenter was the general agent of the defendant at Carthage, to whom blank policies were sent; he countersigned and delivered them, collected premiums, and consented to transfers and assignments of policies.

The building was burned on the 23d of July, 1875. A recovery on the policy was resisted on the ground that the building having been vacated and remained vacant for more than fifteen days, without the consent of the company that it might remain vacant being indorsed on the policy, the policy was void. A nonsuit was moved for on this ground, and it was granted, and from that judgment the plaintiff appeals.

A general agent of an insurance company may waive the performance by the insured of conditions in the policy, and. bind the company by such waiver. (May on Insurance, 126 ; *Wood* v. *Poughkeepsie Ins. Co.*, 32 N. Y., 619 ; *Carroll* v. *Charter Oak Ins. Co.*, 38 Barb., 402 ; *Bodine* v. *Exchange Fire Ins. Co.*, 51 N. Y., 117 ; *Parker* v. *Austin Fire Ins. Co.*, 1 N. Y. S. C. [T. & C.] 397 ; S. C., 59 N. Y., 1.)

A general agent of an insurance company is one who is authorized to accept risks, to agree upon and settle terms of insurance, and to carry them into effect by issuing and renewing policies. (May on Insurance, 126, 145–155 ; *Post* v. *Ætna Ins. Co.*, 43 Barb., 351.)

The complaint alleges and the answer admits that Carpenter was a general agent at Carthage, and as such, empowered to solicit risks, issue, countersign policies and collect premiums, but the answer denies that as such agent he was authorized to waive or to consent to a waiver of any condition or stipulation contained in a policy.

This denial is of no avail; by admitting Carpenter to be a general agent, and as such authorized to perform the acts specified in the complaint, he was authorized to waive· conditions in policies. His verbal consent that the premises might remain vacant was a waiver of the conditions that the consent should be in writing, indorsed on the policy. Such seems to be the result of several decisions; whether it is right, it is not for this court to inquire. (*Newton* v. *Allemania Fire Ins. Co.*, N. Y. Weekly Dig., No. 25, July 31, 1876, p. 600 ; *Thayer* v. *Agricultural Ins. Co.*, 5 Hun, 566 ; *Askell* v. *Commercial Ins. Co.*, 7 Hun, 455 ; *Hotchkiss* v. *Germania Ins. Co.*, 5 Hun, 90–100.)

The defendant's agent having been applied to for his consent that the house might remain vacant, and that he would indorse such consent on the policy, and the agent saying that his consent writ-

ten in his book would answer just as well, was a waiver of the condition that the consent should be indorsed on the policy, if entering the consent in his book should not be held to be equivalent to an indorsement on the policy.

The judgment must be reversed and a new trial granted, costs to abide event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment reversed and new trial granted, costs to abide event.