LEWIS H. BAUMGARTEL, RESPONDENT, v. THE PROVI-
DENCE WASHINGTON INSURANCE COMPANY, OF
PROVIDENCE, R. I., APPELLANT.

*Insurance — conditions in a policy — declarations of agent — when an estoppel —
after a loss subsequent proceedings may be regulated by consent, notwithstanding
stipulations in the policy.*

A policy of insurance provided that it should be void if other insurance should
be made or procured upon the premises, unless it was otherwise provided by
agreement indorsed thereon or added thereto. It further provided that no officer,
agent or other representative of the company should have power to waive any
provision or condition of the policy, unless such waiver be written upon or
attached thereto, nor should any privilege or permission affecting the insurance,
under the policy, exist or be claimed by the insured, unless so written or attached.
The insured procured other insurance, and thereafter informed the agent of the
insurance company of the fact, who replied, "All right, I will attend to it,"
but he failed to do so.

In an action upon the policy to recover for a loss thereunder:

*Held,* that the declaration of the agent was equivalent to a promise made to the
insured to indorse the proper consent upon the policy; that, upon such a promise,
the insured had a right to rely, and that the insurer was thereby estopped to
refuse to perform said promise. (MAYHAM, J., dissenting.)

Where a loss has occurred under a valid policy, subsequent proceedings, *e. g.*, serv-
ing proofs of loss, etc., are mere procedure to ascertain the amount due, and this
may be regulated by the consent of the parties, notwithstanding specific provi-
sions in that regard contained in the policy.

APPEAL by the defendant, the Providence Washington Insurance
Company, from a judgment, entered in the office of the clerk of
Fulton county on the 18th day of March, 1890, in favor of the
plaintiff for $808.67, after a trial at the Fulton Circuit before
the court and a jury; and also from an order, entered in said
clerk's office on the 25th day of February, 1890, denying the motion
of said defendant for a new trial upon the minutes of the court.

The action was brought to recover the amount of a loss sustained
under a policy of insurance which contained, among others, the
following provisions : "This entire policy, unless otherwise provided
by agreement indorsed hereon or added hereto, shall be void if the
insured now has or shall hereafter make or procure any other con-
tract of insurance, whether valid or not, on property covered in
whole or in part by this policy. * * * This policy is made

and accepted, subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as, by the terms of this policy, may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance, under this policy, exist or be claimed by the insured, unless so written or attached."

*I. N. Ames,* for the appellant.

*Dudley & Thorne,* for the respondent.

LANDON, J.:

The plaintiff did obtain other insurance upon this property after the date of the policy issued to him by defendant. Such subsequent insurance made this policy void, if the defendant's consent thereto was not indorsed upon this policy, unless the defendant waived the indorsement or so acted as to be equitably bound to make the indorsement, or be estopped from taking advantage of the fact that it was not made.

The plaintiff, after obtaining the subsequent insurance, told the defendant's agent that he had obtained it. The agent, then being upon the street, replied to the plaintiff, "All right, I will attend to it." He failed to attend to it before the fire occurred, and now the defendant claims that that declaration of its agent, under the terms of the policy, has no effect. I think it was equivalent to a promise to indorse the proper consent upon the policy, a promise upon which the plaintiff had the right to rely, and did rely, and which the defendant cannot now repudiate to its own gain, and the plaintiff's loss, and which the defendant is estopped to refuse to perform, and could be compelled, specifically, to perform, if necessary; but since no such circuity is necessary, the law will regard as done what the defendant ought to have done, and will declare the rights of the plaintiff accordingly, and hence hold the present policy valid.

*Walsh* v. *Hartford Insurance Company* (73 N. Y., 5) is cited in opposition. But in that case the agent performed all he promised to perform; the plaintiff's misfortune consisted in relying upon the supposed legal effect of the full performance of the promise, and he was mistaken in that respect.

It is not quite correct to call the transaction between the plaintiff and defendant's agent a waiver, since that could, under the terms of the policy in respect to further insurance, only be made in writing; but the agent had the power to make the necessary indorsement in writing, and consequently he had the power to make the preliminary oral executory agreement that he would make it; an agreement which must be enforced, or regarded as enforced, in order to prevent a failure of justice. But as it is the duty of the court to declare the legal effect of the transaction upon the rights of the parties, and as it practically amounts to the same result whether called one thing or another, no error to the prejudice of the defendant was committed by the court in speaking of it as a waiver.

Evidence was given tending to show a waiver of proofs of loss within the time fixed by the policy.

The policy being valid, and a loss having occurred, subsequent proceedings are mere procedure to ascertain the amount due plaintiff upon the policy, and the consent of the parties may regulate it, notwithstanding specific regulations in the policy. The plaintiff acted as defendant consented he might, and defendant cannot now withdraw that consent to plaintiff's injury.

The judgment should be affirmed, with costs.

LEARNED, P. J., concurred.

MAYHAM, J. (dissenting) :

This was an action upon a fire insurance policy for $1,000, divided as follows: $700 stock of clothes, trimmings and manufactured garments, and $300 on sewing machines, tools, fixtures, wearing apparel, beds, bedding, etc., issued by the defendant on the 26th day of September, 1887, for one year. The policy contained several conditions, among which are the following, under which questions arise in this action :

*First.* A condition prohibiting other insurance without the consent of the defendant indorsed on the policy.

*Second.* Either party had the right to cancel the policy on giving the other party five days' notice before the cancellation took effect.

*Third.* Proof of loss must be given by the insured to the company within sixty days after the fire, unless the time is extended by the company in writing.

*Fourth.* The policy provided that there can be no waiver of any of its conditions except by written agreement indorsed thereon or added thereto.

On the 12th of April, 1888, the plaintiff procured from another insurance company a policy of insurance for $1,000 on his stock of clothes and trimmings, materials and supplies, used in and incident to his business as a merchant tailor, to run for one year from that date. On the 15th day of August, 1888, a fire occurred which damaged or destroyed the property covered by the policy issued by the defendant. On the 15th day of January, 1889, the plaintiff served upon defendant papers purporting to be proofs of loss, and defendant referred them to the local agent, F. E. Norton, and notified plaintiff of that fact, reserving all rights under the policy. On the 28th of January, 1889, this agent of the defendant wrote plaintiff declining to accept them as proof of loss, on the ground that they had not been served within sixty days after the loss, and that they were imperfect and incomplete, and in that communication stated that he held them subject to the plaintiff's order.

On the conclusion of the plaintiff's evidence, and also at the conclusion of the whole evidence in the case, the defendant moved for a dismissal of the complaint upon the ground that the plaintiff had violated the terms of the policy in procuring further insurance without the written consent of the defendant, and in failing to serve proof of loss within the time fixed in the policy; which motion was denied by the court and the case submitted to the jury, who found a verdict for the plaintiff.

The policy contained this clause relating to further insurance : "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by

this policy." It seems to be clearly established in the case that the plaintiff did procure other insurance on this property, or some portion of the same, and that the consent of the defendant was not indorsed in writing on this policy; this was a valid provision in the policy, and one which the defendant had a right to incorporate in it, and to enforce as a part of the contract; and, unless the company by some valid act has waived this condition, its violation by the plaintiff is such a breach as to prevent a recovery in this action on the policy. (*Allen* v. *The German American Ins. Co.,* 123 N. Y., 6.) The plaintiff insists that this condition was waived by the oral interview had between the plaintiff and the defendant's agent. That interview is given by the plaintiff in his testimony as follows: "I came out of my office and was on my way to the post-office; I saw Mr. Young (defendant's agent) at the corner talking to another gentleman; I walked up to him and said, 'I have another insurance out, of $1,000;' as I said that, he turned to me slightly and said: 'All right, I will attend to it.'" In examining whether the agent could waive the condition of this policy, we must also look at the condition contained in the last paragraph before its attestation clause, which reads as follows: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provisions or conditions in this policy, except such as, by the terms of this policy, may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist, or be claimed by the insured unless so written or attached." The case at bar is, in many respects, like *Pechner* v. *Phœnix Insurance Company* (65 N. Y., 195), and the learned counsel for the plaintiff cites that as an authority in support of his contention here. But it does not appear in that case that the policy contained an express prohibition upon all the officers and agents of the company prohibiting them from making any waiver or consent, nor does that case proceed

upon the ground of any disability of the agent to contract or waive the conditions of the policy, but rather upon the ground that as general agent of the company his acts as to the policyholder were deemed to be the acts of the company. So, also, in the case of *Parker et al.* v. *Arctic Fire Insurance Company* (59 N. Y., 1), the general agent of the company who issued policies renewed the policy, with knowledge of the increased risk, and his knowledge was deemed that of the company, and having authority to issue or renew policies, with a knowledge of the risk, he and the insured could waive the condition that a statement of the increased risk must be in writing. The rule that the principal is bound by the acts of its agent, within the general scope of his authority, and as to third persons within the apparent scope of his authority, is too elementary to require the citation of authorities. But can that rule be carried to the extent that an agent may bind the principal by his acts, when both the agent and the party with whom he contracts has notice that the agent is expressly prohibited from making the contract, or waiving a condition in it? We think not. While it is true that knowledge of the agent is deemed to be knowledge of the principal, yet that rule does not go to the extent that knowledge of the agent amounts to consent of the principal, especially when the agent is expressly prohibited from giving consent that will bind the principal. In *Walsh* v. *Hartford Fire Insurance Company* (73 N. Y., 5), it was held that a principal is only bound by an act of his agent in excess or abuse of his authority, when a third person, believing, and having a right to believe, that the act was within the authority, has acted or refrained from acting in reliance thereon, and would sustain damage if the act of the agent was not considered that of the principal. In this case ANDREWS, J., in delivering the opinion of the Court of Appeals, uses this language : "The company could itself dispense with the condition of oral consent. as well as by writing (*Trustees, etc.* v. *Brooklyn Fire Ins. Co.*, 19 N. Y., 305); and Carpenter, unless especially restricted, would have possessed, in this respect, the power of the principal. But the policy contains the provision that no agent of the company shall be deemed to have waived any of the terms or conditions of the policy, unless such waiver is indorsed on the policy in writing. This is a plain limitation upon the power of agents, and can mean nothing less than

that agents shall have no power to waive conditions, except in one mode, viz. : By an indorsement on the policy."

"The plaintiff is presumed to have known what the contract contained, and the proof tends to the conclusion that this provision was brought to his notice. He saw fit, however, to accept the assurance of the agent, that an entry in the register was sufficient. It is difficult to see how, upon the law of contracts and agency, the plaintiff can recover. The entry in the register was not an indorsement on the policy. The oral contract was an act in excess of the known authority of the agent. The provision was designed to protect the company against collusion and fraud, and the dangers and uncertainty of oral testimony. The case seems a hard one for the plaintiff, but the court cannot make contracts for parties, nor can they dispense with their provisions."

Applying the doctrine of this case to the one at bar, it is difficult to see how, upon the evidence as it stands, the plaintiff can recover. If we assume that the condition in this policy was not waived, then its terms have been violated by the plaintiff in a material part, which the court cannot disregard, and which, by the terms of the policy itself, renders it void. If we undertake to find that its provisions have been waived, we are met with the utter inability of the agent to effect such waiver, within the very letter of the policy. In any aspect of the case we think, as the evidence stood, the learned trial court erred in not dismissing the complaint on the motion of the defendant. This conclusion makes it unnecessary for us to examine in detail the other questions raised by the defendant as to the sufficiency of the proof of loss. But as the dealings in that regard were with the company directly, and by them referred to their agent, it may be doubted whether, by not writing them at once, or calling attention to the claimed defect, they did not waive the question of delay in the presentation of such proofs. But as a determination of that question is rendered unnecessary by reason of the view we have taken of the other questions, we refrain from determining the question raised as to proof of loss. The judgment, I think, must be reversed upon the other question.

Judgment affirmed, with costs.