GEORGE N. MANCHESTER and Another, Appellants, *v.* THE GUARDIAN ASSURANCE COMPANY, Respondent.

*Fire insurance policy — failure to indorse thereon a transfer of the title to the premises insured — a parol promise of the general agent of the insurer to make the indorsement is ineffectual.*

The owner of a policy of fire insurance cannot rely upon the parol executory promise of the general agent of the insurer to perform an act, the performance of which, if omitted, would work a forfeiture of the policy.

A policy of fire insurance contained a provision to the effect that the entire policy, unless otherwise provided by an agreement indorsed thereon or added thereto, should become void if any change should take place in the interest or title of the assured in the insured premises. The assured transferred the real estate covered by such policy, and thereafter the premises were totally destroyed by fire. At the time of the transfer of the premises he notified the general agent of the insurer, who was authorized to indorse a memorandum of transfer upon the policy, of the fact of such sale and conveyance, and requested him to make such indorsement upon the policy (then on deposit in a savings bank), which the agent promised to attend to, but which he failed to do before the occurrence of the fire.

*Held*, that the parol agreement of the agent of the insurer to indorse the transfer clause upon the policy, which was not then presented to him, was ineffectual to prevent the forfeiture of the policy, and that the policy was vitiated under the stipulations therein contained, on account of the failure to have the transfer of the premises noted thereon.

APPEAL by the plaintiffs, George N. Manchester and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 6th day of March, 1893, upon the dismissal of the complaint directed by the court after a trial at the Rensselaer Circuit, notwithstanding the verdict of the jury in favor of the plaintiffs.

*Charles E. Patterson*, for the appellants.

*A. H. Sawyer*, for the respondent.

MAYHAM, P. J. :

On the 8th day of January, 1889, Ebenezer S. Strait, who was on that day the owner of lands in the town of Brunswick, Rensselaer county, on which there was a dwelling house, procured from the defendant an insurance policy on the same for $2,000 against loss

and damage by fire, in the ordinary form of standard fire insurance policies of the State of New York.

At the time of the issuance of this insurance policy the premises insured were subject to three several real estate mortgages aggregating at the sum of $16,000. The policy was prepared and delivered to Strait by the general agents of the defendant at the city of Troy, who were furnished by the defendant with policies in blank signed by the proper officers of the company, and such general agents were authorized by the company to receive applications for insurance and to issue policies thereon, which became binding upon the defendants on being signed by the agents, who were also authorized to continue policies in force and make all proper indorsements thereon on the transfer of property by any transfer of title thereto, and to renew policies and continue the insurance for the benefit of persons acquiring an interest in the insured property in the manner provided by the terms and conditions of the standard fire insurance policies of the State of New York.

On the 1st day of August, 1890, Ebenezer S. Strait, the owner of the insured premises to whom this policy was issued, conveyed the same to Emily J. Manchester, one of the plaintiffs, who went into possession. On the 21st of September, 1890, the building covered by this policy was completely destroyed by fire.

After the fire, George N. Manchester, the other plaintiff in this action, purchased all the outstanding mortgages on these premises.

At the time of the transfer of these premises by Strait to Mrs. Manchester, he informed her of this policy, and that the same had been transferred to the Troy Savings Bank as collateral to a mortgage held by that bank on the premises, and he, as the agent of Manchester, notified the general agent of the defendant, who wrote this policy and who was authorized to indorse the memorandum of transfer upon the same, of the fact of such sale and conveyance, and requested him to make such indorsement upon the policy then deposited in the savings bank, which said agent, as was found by the jury, promised to attend to, but which he failed to do before the happening of this fire.

For this failure or neglect to indorse such transfer in writing on the policy, the defendant insists that the policy is avoided, and the trial court sustained that view and dismissed the plaintiff's com-

plaint. The principal question urged on this appeal is as to whether the promise of the general agent of the defendant, that he would attend to the making of the indorsement of the transfer of this property on the policy, as required by the terms of the standard policy, bound the defendant either as a waiver of the conditions or as an equitable estoppel growing out of the agreement of the general agent to indorse the transfer on the policy then in the Troy Savings Bank.

It is not claimed by the learned counsel for the appellants that there was any waiver by the agent of the requirement of the policy that the consent to the transfer shall be indorsed on the policy, so that the question of waiver of that condition need not be considered here.

But it is insisted that the general agent in making this indorsement stood in the place of the company, with full power and authority to make this indorsement, and bind the defendant thereby, and that as such indorsement could not be made by the plaintiffs or either of them, but must in the nature of the case be made by the company through its officers or agents, the agreement of the general agent having the authority of the company to make such indorsement, was the agreement of the company to do an act which it and not the plaintiffs could, and must do ; it cannot be permitted to take advantage of its own neglect for the purpose of avoiding its obligations to pay this policy in case of loss. Is this contention sound and supported by the authorities ?

Both parties in the case seem to rely upon the doctrine enunciated by the Court of Appeals in the recent case of *O'Brien* v. *The Prescott Insurance Co.* (134 N. Y. 28). But that case turned entirely upon the inability of a general agent of the defendant to waive by parol the provisions of the policy against permitting the insured premises to remain unoccupied, without the written consent of the company indorsed on the policy, when it in express terms prohibited the agent from waiving any of the conditions of the policy, except by an indorsement of such waiver on the policy in writing, and the assured, instead of insisting upon the indorsement of the waiver upon the policy, contented himself with a waiver by parol by the agent. Such attempted parol waiver was in clear and unmistakable violation of the express terms of the policy. The case

at bar differs from that in this, that here the parties did not undertake to waive the provisions and requirements of the policy, but sought to perform them literally by the assured calling upon and obtaining the promise of the company, by its general agent, to do an act which was in the power of the company to perform, and the performance of which was its duty, and which could not be performed by the plaintiffs.

It is true that the defendant, on being requested to consent to this transfer, might have refused and canceled the policy, but this it did not do or attempt, and left the assured to assume and believe that the indorsement was made as requested.

The condition in the policy under consideration in this case, which, it is claimed by the defendant, was violated, is as follows : " This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void if any change, other, than by the death of an assured, take place in the interest, title, * * * whether by legal process, or judgment, or by voluntary act of the insured or otherwise."

It also provides that " this policy is made and accepted, subject to the foregoing stipulations and conditions."

It follows that the sale of the insured premises and the taking of possession by the purchaser of the insured premises, works, by the terms of the policy itself, a forfeiture thereof, unless consented to in writing by the defendant, with such consent indorsed on the policy or added to it.

No consent was ever given in the manner prescribed in the policy, and, within the rule laid down in the recent case of *Baumgartel* v. *Providence Washington Ins. Co.* (136 N. Y. 547), the insured could not rely upon the parol executory promise of the general agent of the company to perform the act, the performance of which, if omitted, would work a forfeiture of his policy.

That case is too clearly analogous in many of its features to this to be distinguishable. The policy by its terms made the placing of additional insurance on the property, without the consent of the company, indorsed thereon in writing, ground of forfeiture. It also prohibited any change of the provisions of the policy by any agent by parol, and contained other restrictive provisions similar to the one, in question. The assured put on additional insurance of $1,000,

and soon thereafter meeting the general agent on the street informed him of that fact, for the purpose of having the proper indorsement made on the policy, and the agent in answer to such information said : "All right, I will see to it." On these facts this court affirmed the judgment of the trial court in favor of the assured on the ground that the plaintiffs had a right to rely upon such assurance from the company by its general agent, and that the defendant was estopped from saying, in its defense against a recovery on the policy after the loss, that the plaintiffs had not performed their agreement.

But the Court of Appeals reversed the judgment, and held that as the agent had no power to grant the permission, except in the manner prescribed in the policy, his parol agreement was ineffectual, and that as the policy was not present and presented to him at the time his consent was requested, his executory promise to make the written consent in the future did not bind the company.

We see no way of distinguishing that case from the one at bar, and must regard it as controlling and conclusive in principle, on this appeal.

Examination of the other questions raised on this appeal seems unnecessary. The judgment must be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.