## Illinois Live Stock Insurance Company v. Jacob Koehler et al., for use, etc.

1. LIVE STOCK INSURANCE—*Waiver of Conditions.*—A condition in the policy of insurance upon a horse, that the company would not be liable if he died out of the State, unless written permission by the company to remove him be indorsed on the policy, may be waived by the officer of the company by whom such permission, if given, would have been indorsed on the policy.

2. SAME—*Value of Stock Insured.*—A policy of insurance containing a provision that no animal shall be insured for more than half its cash value, is in the nature of an admission by the company, if made with knowledge of the property, of the proper ratio between the value and the sum insured.

3. INSTRUCTIONS—*Where the Verdict is Right.*—Where the verdict is right, valid objections to instructions, although given on behalf of the successful party, may not be considered.

Assumpsit, on a policy of insurance.    Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.    Heard in this court at the March term, 1895..    Affirmed.    Opinion filed May 16, 1895.

REMY & MANN, attorneys for appellant.

BOOTH & BOOTH, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

By this record we are required to, and a majority of the court does, believe that there was a Norman blood horse, five years old, that weighed three thousand pounds.

The appellant insured the appellees against loss by death of the horse in the sum of $1,000 for one year from noon of June 6, 1893. The horse expired eleven hours before the policy did.

There are two questions of fact in the case. When the horse was insured he was here. The policy provided that the appellant would not be liable if the horse died out of the State, unless written permission by the appellant to remove him was first indorsed on the policy. The horse died in Indiana.

The strong preponderance of the testimony is that that provision of the policy was waived by the officer of the company by whom such permission, if given, would have been indorsed, and that the reason why it was not indorsed was that the policy was not readily accessible. If that be true the appellant is estopped to set up as a defense that the horse died out of the State. Man. & Mchts. Ins. Co. v. Armstrong, 145 Ill. 469.

That the company had notice that the horse went out of the State was undisputed, and there was a special reason for his going in the fact that he was exhibited as a show.

The other question is the value, the policy providing for paying not more than half of the value. The verdict was for the sum insured with interest. The only evidence of the value is that about the time of the insurance he was sold for $1,400 cash. Whether the purchaser made a good or bad bargain does not appear.

There was testimony that some one connected with the appellant, who he was, or how connected is not shown, only that he was in the office, had seen the horse; that the appellant solicited the insurance, and offered to insure for $2,000. The policy in terms provides that "no animal shall be insured for more than half its cash value."

A policy is in the nature of an admission by the company, if made with knowledge of the property, of the proper ratio between the value and sum insured.

There are valid objections to instructions given for the appellees, but as the verdict is right, we will leave them unconsidered. The judgment is affirmed.