## Rose B. Bennett v. Union Central Life Insurance Co.

1. INSURANCE—*Self-Executing Forfeiture Provision.*—A provision of a policy that the failure to pay premiums by the insured, if living, shall avoid and nullify the policy without action on the part of the company or notice to the insured or beneficiary, is self-executing. It is not like those cases where the association must do something or refrain from doing something to make the forfeiture complete.

2. SAME—*Forfeiture Provision May Be Waived by the Company.*—A forfeiture provision in a policy may be waived by the company, if it elects so to do. Such provision is made for the insurer, and if it does not wish to take advantage of it, it need not do so.

3. EVIDENCE — *Under Abandoned Replication, Not Admissible.*—Where a demurrer to a replication has been sustained and the plaintiff does not stand by the replication, but pleads over, and goes to trial on a general replication, evidence is not admissible under the abandoned replication.

Bennett v. Union Central Life Ins. Co.

Assumpsit, on a policy of insurance.   Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding.   Heard in the Branch Appellate Court at the October term, 1901.   Affirmed. Opinion filed December 16, 1902.

**Statement.** —This is an action of assumpsit by appellant, to recover on a policy of life insurance.

The policy was issued upon the life of Fernando W. Bennett, in the sum of $3,000, payable to his wife, the appellant.   The annual premium of $186.57, was payable on or before June 30th, in each year.   There was a condition in the policy that it should be forfeited, without notice to insured, by his failure, if living, to pay when due, any of the first three annual premiums, or any notes given to the company for any premium, or any interest on such notes. None of its terms could be modified, nor any forfeiture under it waived, except by an agreement in writing signed by the president, vice-president, secretary, or assistant secretary of the company, and their authority for the purpose could not be delegated.   The policy was delivered to the insured June 30, 1898, upon receiving from him four notes, one for $42.19, payable three months after date; two others for the same sum payable six and nine months after date; and a fourth for $60, payable twelve months after date; amounting in the aggregate to $186.57, the full first annual premium.   The notes became due September 30, and December 30, 1898, and March 30, and June 30, 1899, respectively.   None of the notes were paid.   The first note, which fell due September 30, 1898, was made payable to the agent who solicited the insurance, and was the usual commercial form of note, signed by the insured, with the signature of the latter's wife, the beneficiary and appellant herein, by her said husband.   The other notes were in form as follows :

" $42.19.

Interest ———    CHICAGO, Ill., June 30, 1898.

Six months after date, for value received we jointly and severally promise to pay to the order of the Union Central Life Insurance Company, forty-two 19-100 dollars, without

discount or defalcation, at 200 Reliance Bldg., being the premium on policy No. 175409 in said company, bearing date June 30, 1898. Said policy, including all conditions therein for surrender or continuance as a paid-up term policy, shall, without notice to any party or parties interested therein, be null and void on the failure to pay this note at maturity, with interest at six per cent per annum, payable annually. In case this note is not paid at maturity, the full amount of premium shall be considered earned as premium during its currency, and the note payable without reviving the policy or any of its provisions.

P. O. Address : 24, 70 La Salle St.

FERNANDO W. BENNETT,
Signature of person insured.

ROSE BRIOT BENNETT,
Party for whose benefit Ins. is taken
by Fernando W. Bennett.

Agents are not authorized to make any contract, verbal or written, differing from that written and printed on the face of this note, nor are they permitted to collect any part of the same unless indorsed to them for that purpose."

After the maturity of the first two of the notes, an order was given to appellee's soliciting agent and accepted by the drawee, as appears by its terms, as follows :

"JANUARY 7, 1899.

C. M. HARDY, Esq.:

Please pay to the Union Central Life Insurance Company, of Cincinnati, Ohio, the amount of my four notes given by me for the premium upon my life insurance policy in that company out of any moneys belonging to me which you may collect on the judgment in favor of Adolph Grunow against the Chicago Tire & Spring Company.                          F. W. BENNETT.

Accepted, payable out of any moneys collected by me belonging to Mr. Bennett on the judgment mentioned in this order.                          C. M. HARDY."

There was evidence tending to show that this document was drawn by the insured in Mr. Hardy's office, accepted by Hardy and delivered to appellee's agent by whom the insurance had been solicited, and to whom the first of the notes referred to was payable.

A letter put in evidence by the plaintiff is as follows :

" Agency of Union Central Life Insurance Company of Cincinnati, Chicago Office, 100 State street, Edward A. Ferguson, Manager.

CHICAGO, December 31, 1898.

MR. F. W. BENNETT :

DEAR SIR : The premium note on your policy No. 175409, amount $42.19, fell due December 30.   Please give the matter your attention so the insurance will be protected.

Yours truly,<br>EDWARD A. FERGUSON, Manager."

The insured died February 27, 1899, the said premium notes being still unpaid.

Appellant's counsel made a formal offer to prove that the notes referred to had been placed by the defendant in the hands of the collection agency February 15, 1899, with directions to enforce payment of the same; that demand was made upon the insured by this collection agency for payment of the notes, and he was notified that unless they were paid suit would be brought to enforce payment; also, that January 7, 1899, when the order referred to was drawn and accepted, and was delivered to appellee's soliciting agent, it was agreed that the time of payment of said notes was extended until the order should be paid, or at least until the last of the said notes should become due and payable by its terms, and that it was also agreed that the policy would be kept in force in the meantime; also that there was in force the judgment referred to in the order, in which the insured had an interest, which Hardy afterward collected, and that after the death of the insured, he, Hardy, tendered to the defendant the sum of $220, in payment of the order, which was refused.   This evidence was objected to by counsel for the defendant, and the objection was sustained.

The court, at the request of the defendant, instructed the jury to return a verdict for the defendant.   The plaintiff made a motion for a new trial, which was denied, and judgment was entered upon the verdict, from which this appeal is prosecuted.

FREDERICK A. BROWN and C. W. GREENFIELD, attorneys for appellant.

JOHN M. HAMILTON and JAMES A. FULLENWIDER, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended by appellant's attorneys that the failure of the insured to pay the first two of the premium notes at maturity did not necessarily work a forfeiture of the policy, since, as it is claimed, such right of forfeiture was waived by appellee. Such waiver is said to be evidenced, first, by appellee's letter of December 31, 1898, which notified the deceased that his premium note had fallen due the day before, and asked him to give the matter his attention " so the insurance will be protected;" second, by the delivery to appellee's agent of the order dated January 7, 1899, drawn on Mr. C. M. Hardy and accepted by him, directing payment to appellee of the premium notes " out of any moneys belonging to me which you may collect on the judgment in favor of Adolph Grunow against the Chicago Tire & Spring Company;" and third, by appellee's alleged attempt to enforce payment of all the notes after the maturity of the first two of them.

The forfeiture provision of the policy is as follows:

" The failure to pay, if living, any of the first three annual premiums, or the failure to pay any notes, or interest upon notes, given to the company for any premium, on or before the days upon which they become due, shall avoid and nullify this policy without action on the part of the company or notice to the insured or beneficiary; and all payments made upon this policy shall be deemed earned as premiums during its currency. Any and all notes with their conditions which may be given for premiums or loans upon the security of this policy, are hereby made a part of this contract of insurance."

The provisions of the policy that the failure to pay by the insured, if living, " shall avoid and nullify this policy without action on the part of the company or notice to the insured or beneficiary " is self-executing. As is said in Lehman v. Clark, 174 Ill. 279–288–292: " This is not like those cases where the association must do something or refrain from doing something to make the forfeiture com-

plete."    The language in that case was " any member fail-
ing to pay    *    *    *    shall forfeit his membership in the
association and all benefits therefrom; " and it is said that
it differed from such cases as Northwestern Traveling
Men's Association v. Schauss, 148 Ill. 304–311, in which the
provision was that the insured, failing to remit his assess-
ment, " shall forfeit his claim to membership and have his
name stricken from the roll," which contemplated future
affirmative action by the association by way of striking the
name from the rolls.

That such a provision may be waived by the insurance
company, if it elects so to do, is not questioned.    " Such
provision is made for the insurer, and if it does not wish
to take advantage of it and avoid the policy it may waive
the forfeiture."    Germania Fire Ins. Co. v. Klewer, 129 Ill.
599–607; Man. & Merch. Ins. Co. v. Armstrong, 145 Ill.
469–481.    But the question here is not as to the power of
the appellee, but whether it has in fact waived the forfeiture.

The letter of December 31, 1898, notified the insured
that his premium note had fallen due the day before, and
invites him to give the matter attention " so the insurance
will be protected."    We do not regard this language as a
waiver of any condition of the policy, assuming for the
sake of the argument that a forfeiture could be waived
by the writer.    The letter invites the assured to protect the
insurance.    This he might do, by renewing the forfeited
policy or obtaining a new one, as the parties might agree.
The letter is not inconsistent with the view that the forfeit-
ure of the policy was an accomplished fact.    It does not
treat it as still in force.    But the policy contains the follow-
ing provision:

" The contract of insurance between the parties hereto is
completely set out in this policy and the application for the
same, and none of its terms can be modified, nor any for-
feiture under it waived, save by an agreement in writing
signed by the president, vice-president, secretary or assist-
ant secretary of the company, whose authority for this
purpose shall not be delegated."

If, therefore, the letter in question could be treated as an

agreement in writing waiving the forfeiture, it would be, nevertheless, ineffectual, unless signed by one of the four specifically mentioned officers of the company. It purports on its face to be signed only by the manager of the Chicago agency. Cases such as are cited by appellant's attorneys (Chicago Life Ins. Co. v. Warner, 80 Ill. 410; U. C. L. Ins. Co. v. Duvall, 46 S. W. Rep. 518), are not in point. So far as appears, the appellee, by its authorized officers, had no communication with the assured after the forfeiture for non-payment. This silence and inaction of the company indicate its acquiescence in an affirmance of the self-executed forfeiture.

So also as to the delivery to the soliciting Chicago agent of the company of the order drawn on Mr. Hardy. It had no effect to modify the terms of the policy or waive the forfeiture for the same reason, if for no other. The soliciting agent had no power so to do. That power existed only in the officers named, and could be exercised by them only "by an agreement in writing."

The offer to prove that all the premium notes were placed in the hands of a collection agency, that demand was made on the insured in his lifetime and suit threatened, was an offer of matter set up in replications filed by appellant to appellee's pleas. Demurrers to these replications were sustained. Appellant did not stand by the replications but pleaded over, and went to trial on a general replication. Evidence was not admissible, therefore, under these abandoned replications, and the ruling of the court sustaining the replication can not be assigned for error. MacLachlan v. Pease, 171 Ill. 527–529.

But if it were conceded not only that all these notes were placed by the Chicago agency of appellee in the hands of a collection agency, but that suit was actually brought thereon, facts of that character could not, under the terms of this contract of insurance, be treated as waiving the forfeiture. Such waiver could occur only in the manner which the contract provides, viz., "by an agreement in writing signed by the president, vice-president, secretary or assistant secretary of the company."

Appellee never received any consideration upon this policy, which was forfeited by its terms upon the failure of the assured to pay his first note, and such forfeiture was never waived. The judgment of the Circuit Court will be affirmed.