MARY MESSELBACK, Appellant, v. FREDERICK HENRY NORMAN, as Treasurer, etc., Respondent.

*It seems,* a party to a contract which contains a provision that it shall not be changed, except by a writing signed by him, may by conduct estop himself from enforcing the provision against a party who has acted in reliance upon such conduct; and so, the acts of an agent who possesses the power of the principal, or who has been held out by the principal as possessing his power in respect to the provision alleged to have been altered, may also estop his principal.

Where, however, an insurance policy provided that the insurer "shall not be bound * * * by any act of or statement made * * * by any agent * * * which is not authorized by this policy or contained therein, or in any written paper mentioned herein," *held* that the power to waive performance of a provision of the policy could only be exercised in the mode prescribed, unless it was shown that the agent, whose acts were alleged to amount to a waiver, possessed actually or apparently the power of his principal in respect to the provision alleged to have been waived.

A policy of fire insurance upon a dwelling-house contained the following provision: "This policy shall become void unless consent in writing is indorsed hereon by or on behalf of the society * * * if any building hereby insured becomes vacant or unoccupied;" also, one to the effect that the use of general terms or anything less than a distinct, specific agreement, clearly expressed and indorsed on the policy shall not be con-

sidered as a waiver of any printed or written condition expressed therein. In an action upon the policy it appeared that on April 17, 1884, the tenant who had been occupying the property moved out and the building remained unoccupied until April twenty-sixth, when it was destroyed by fire. Plaintiff's evidence was to the effect that she immediately notified defendant's agent from whom she had received the policy, that the tenant had moved out; he said "all right," and that he would stop and fix her policy so that it would be all right, if the house was vacant. There was no evidence that said agent had power to waive in any way, except as specified in the policy, any of its provisions. *Held*, that no legal waiver of the provision in respect to occupancy having been shown, plaintiff was not entitled to recover.

Reported below, 46 Hun, 414.

(Argued October 21, 1890; decided December 2, 1890.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, entered upon an order made the third Tuesday of November, 1887, which reversed a judgment in favor of plaintiff entered upon the report of a referee, and granted a new trial.

This action was brought against defendant as treasurer of the Sun Fire Office of London, an association formed and created under the laws of England, upon a policy of fire insurance issued by that association.

The facts, so far as material, are stated in the opinion.

*Eugene Burlingame* for appellant. This being an appeal from an order reversing a judgment on the report of a referee and ordering a new trial, this court will not review the questions of fact determined by the referee further than to see if there was any evidence before him upon which to base his determinations. (*Platt* v. *Platt*, 58 N. Y. 646; *Weyer,* v. *Beach*, 79 id. 409; *Davis* v. *Leopole*, 87 id. 620; *Van Tassell* v. *Wood*, 79 id. 614; *Snebley* v. *Connor*, 78 id. 218; *Matter* v. *Ross*, 87 id. 514; Code Civ. Pro. §§ 1337, 1338; *People* v. *French*, 92 N. Y. 306; *Quincy* v. *White*, 63 id. 375; *Reynolds* v. *Robinson*, 82 id. 106; *Haynes* v. *McDermott*, 91 id. 464; *Halpin* v. *P. Ins. Co.*, 118 id. 165.) The only inquiry here is whether the judgment entered upon the report of the referee rests upon any error in law. (*Davis* v. *Leopole*, 87 N. Y. 730.) The delivery

by the plaintiff and the acceptance by the children of the deed were essential to divest plaintiff of and invest her children with the title to the property in question. (5 Am. & Eng. Ency. of Law, 445, 499; *Roosevelt* v. *Carow*, 6 Barb. 190, 105; *Stillwell* v. *Hubbard*, 20 Wend. 44; *Jackson* v. *Dunlap*, 1 Johns. Cas. 114; *Church* v. *Gillman*, 15 Wend. 656; *Bracket* v. *Barncy*, 28 N. Y. 333, 340, 341; *Fisher* v. *Hall*, 41 id. 416; *Best* v. *Brown*, 25 Hun, 223; *Gilbert* v. *N. A. F. Ins. Co.*, 23 Wend. 43; *Wilsey* v. *Dennis*, 44 Barb. 359; *Jackson* v. *Bodie*, 20 Johns. 184; *Jackson* v. *Phipps*, 12 id. 422; *Young* v. *Guilbean*, 3 Wall. 636; *Prestman* v. *Baker*, 36 Wis. 644; *Baker* v. *Haskell*, 47 N. H. 479; *Thompson* v. *Lloyd*, 49 Penn. St. 128; *Spencer* v. *Curr*, 45 N. Y. 4, 410.) The referee properly excluded the communications between plaintiff and Judge Westbrook, her attorney, relative to the "deed," and his advice to her. (Code Civ. Pro. § 835; *Westover* v. *E. L. Ins. Co.*, 99 N. Y. 56; *In re Coleman*, 111 id. 220.) The vacancy of the building destroyed at the time of the fire, under the facts proven and found, does not avoid the policy, although written consent was not indorsed upon the policy. (*Pitney* v. *G. F. Ins. Co.*, 65 N. Y. 6, 20, 21; *Carrol* v. *C. O. Ins. Co.*, 40 id. 292; *Steen* v. *N. F. Ins. Co.*, 89 N. Y. 315, 325, 326; *Whited* v. *G. F. Ins. Co.*, 76 id. 416; *Bodine* v. *E. Co.*, 51 id. 117; *Shear* v. *P. Ins. Co.*, 4 Hun, 801; *Marcus* v. *S. L. M. Co.*, 68 N. Y. 625; *Van Schoick* v. *N. Ins. Co.*, Id. 434; *Pechner* v. *P. Ins. Co.*, 65 id. 195, 208; 11 Am. & Eng. Ency. of Law, 323; *Short* v. *H. Ins. Co.*, 90 N. Y. 16-20; *Woodruff* v. *Ins. Co.*, 83 id. 134; *Haight* v. *C. Ins. Co.*, 92 id. 51; *Robinson* v. *N. Bank*, 95 id. 637; *Baley* v. *H. F. Ins. Co.*, 80 id. 21-23; *Kratzenstein* v. *W. Ins. Co.*, 116 id. 54-59; *Halpin* v. *Ins. Co.*, 120 id. 73-78; *Dilleber* v. *Ins. Co.*, 69 id. 256.)

*A. H. Sawyer* for respondent. The plaintiff, at the time of the fire, was not the owner of the insured property, and could not maintain an action against the defendant for the loss sustained by its destruction. (*Fryer* v. *Rockefeller*, 63 N. Y.

273; *Rathbun* v. *Rathbun*, 6 Barb. 98; *Tompkins* v. *Wheeler*, 16 Pet. 106, 119; *Parker* v. *Parker*, 56 Ia. 111; *Mitchell* v. *Ryan*, 3 Ohio St. 377; *Brown* v. *Austen*, 35 Barb. 341; *Scrugham* v. *Wood*, 15 Wend. 545; *Hathaway* v. *Payne*, 34 N. Y. 92; *Hebbart* v. *Haughian*, 76 id. 55, 62; *In re Coleman*, 111 id. 220.) The deed having been duly executed, acknowledged and delivered by the plaintiff, the grantor named therein, it is presumed to have been duly delivered, and the burden is upon the plaintiff to establish the contrary by a fair preponderance of evidence. (*Culhane* v. *N. Y. C. R. R. Co.*, 67 Barb. 562; *Meddaugh* v. *Bigelow*, Id. 106; *P. E. F. Co.* v. *Spencer*, 10 Wkly. Dig. 317; *Kelly* v. *Frazier*, 27 Hun, 314; *Rogers* v. *T. Ins. Co.*, 6 Paige, 584, 596; *Losee* v. *Morey*, 57 Barb. 561; *Newman* v. *Cordell*, 43 id. 448, 455.) Conceding the facts in this case to be as claimed by the plaintiff and found by the referee, the title to the premises in question in fact passed from the plaintiff to her children, the grantees named in the deed, at the time the deed was delivered to the county clerk for record. (*Tooley* v. *Dibble*, 2 Hill, 641; *Stewart* v. *Stewart*, 5 Conn. 317; *Hathaway* v. *Payne*, 84 N. Y. 94; *Mitchell* v. *Ryan*, 3 Ohio St. 377; *Cecil* v. *Beaver*, 28 Ia. 241.) Even though the title to the premises in question did not actually pass from the plaintiff to her children, it is submitted that the plaintiff, at the time of the fire, was not the sole and unconditional owner of the property within the meaning of the policy, and the interest of the insured in the property was not truly stated in the policy. (*S. F. & M. Ins. Co.* v. *Allen*, 43 N. Y. 394; *Lasher* v. *S. J. F. & M. Ins. Co.*, 86 id. 423; *Lasher* v. *N. Ins. Co.*, 18 Hun, 98; *Rohrback* v. *G. Ins. Co.*, 62 N. Y. 47; *Weed* v. *L., etc., Ins. Co.*, 116 id. 106; *Treadway* v. *H. M. Ins. Co.*, 29 Conn. 68.) The building in question having become unoccupied as a dwelling-house prior to the fire without consent in writing indorsed upon the policy by or on behalf of the society, there can be no recovery in this action. (*Hermann* v. *A. Ins. Co.*, 85 N. Y. 162; *Sonneborn* v. *M. Ins. Co.*, 44 N. J. L. 220; *Abrams* v. *A. Ins. Co.*, 40 U. C. [Q. B.] 175; *Corrigan* v. *C.*

*Ins. Co.*, 122 Mass. 298 ; *Ashworth* v. *B. Ins. Co.*, 112 id. 422; *Cook* v. *C. Ins. Co.*, 70 Mo. 610 ; *E. Ins. Co.* v. *Meyer*, 63 Ind. 238 ; *Dennison* v. *P. Ins. Co.*, 52 Ia. 457 ; *McClure* v. *W. F. Ins. Co.*, 90 Penn. 277 ; *Bennett* v. *A. Ins. Co.*, 50 Conn. 420 ; 51 id. 504 ; *Barry* v. *P. Ins. Co.*, 35 Hun, 601.)    The Sun Fire Office Society never in any manner waived the condition of the policy providing that the same should become void if said building insured be or become vacant or unoccupied unless consent in writing is indorsed upon said policy by or on behalf of said society, and the refusal of the referee to find that there was no such waiver was error. ( *Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5 ; *Marvin* v. *U. L. Ins. Co.*, 85 id. 270 ; *Coldwater* v. *L. Ins. Co.*, 39 Hun, 178; *Steen* v. *N. F. Ins. Co.*, 89 N. Y. 315 ; *Chase* v. *H. Ins. Co.*, 20 id. 52 ; *Rohrback* v. *G. Ins. Co.*, 62 id. 63 ; *Alexander* v. *G. Ins. Co.*, 66 id. 467 ; *Barteau* v. *P. Ins. Co.*, 67 id. 595 ; *N. Y. L. Ins. Co.* v. *Fletcher*, 117 U. S. 519, 528.)

FOLLETT, Ch. J.    June 9, 1883, the defendant insured the plaintiff against such loss or damage not exceeding $1,500 as should be caused by fire during the next three years to a building then in process of erection, which, when completed, was to be occupied as a dwelling.    The policy contained, among others, the following provisions :

" This policy shall become void, unless consent in writing is indorsed hereon by or on behalf of the society, in each of the following instances   *   *   *   If any building hereby insured be or become vacant or unoccupied for the purpose indicated in this contract."

The building was finished August 1, 1883, and thereafter was occupied as a dwelling by a tenant, until April 17, 1884, when he left, and the building remained unoccupied until April 26, 1884, when it was totally destroyed by fire.    The building was unoccupied within the meaning of the policy. (*Halpin* v. *Phenix Ins. Co.*, 118 N. Y. 165.)    No written consent was indorsed on the policy that it should continue in force while the building was unoccupied, and it is conceded

that no recovery can be had unless the evidence establishes a waiver of this provision. Undoubtedly, a party to a contract which contains a provision that it shall not be changed except by a writing signed by him, may by conduct estop himself from enforcing the provision against a party who has acted in reliance upon the conduct, and so the acts of an agent, who possesses the power of the principal, or who has been held out by the principal, to possess his power in respect to the provision alleged to have been altered or changed, may also estop his principal. But, under a policy containing a provision that the insurer " shall not be bound * * * by any act of or statement made * * * by any agent * * * which is not authorized by this policy or contained therein or in any written paper mentioned therein," the power can only be exercised in the mode prescribed, unless it is shown that the agent possessed, actually or apparently, the power of his principal in respect to the provision alleged to have been waived. (*Welch* v. *Hartford F. Ins. Co.*, 73 N. Y. 5 ; *Marvin* v. *Universal Life Ins. Co.*, 85 id. 278.)

Upon the question of waiver, the plaintiff testified : " When Mrs. Jones, the tenant, moved out of the building, I went and saw Mr. Bennett (the agent of defendant) right away. Q. What did you say to him ? A. I told Mr. Bennett the tenant wanted to go out and I wanted to move in myself ; he said all right. * * * Q. What, if anything, did you say to the agent about the property being vacant, and about the policy of insurance ? A. I told him the folks had gone out and I would go in in a few days ; he said all right ; he did not say anything about the policy or the insurance ; Bennett told me when he gave me the policy to notify him if the people were moving out ; I did not say anything else to him." The plaintiff's son-in-law testified : " Q. What have you heard him (Bennett) say, in relation to the policy in suit, in reference to Mrs. Jones moving from the premises ? A. I heard Bennett say, in Amsterdam, that he told plaintiff that he was going to have business in Schuyler street, and would stop and fix her policy so that it would be all right, providing

it was vacant; he said he told her this, the same day she notified him the family were going to move out." This is the only evidence tending to establish a waiver. The referee did not find as a question of fact that there was a waiver of any of the provisions of the policy, but simply found that the conversations above quoted were had, and decided as a question of law that they constituted a valid waiver. This conclusion is open to two objections: (1) It violates the following provision of the policy: "The use of general terms or anything less than a distinct, specific agreement, clearly expressed and indorsed on the policy shall not be considered as a waiver of any printed or written condition expressed therein." (2) There is no evidence that Bennett had power to waive by conduct or in any way, except as specified in the policy, any of its provisions. The evidence in respect to the terms of Bennett's agency is very meager and general in its character. The plaintiff testified that the policy was delivered by "Lyman Bennett, defendant's agent." The policy was countersigned by "Lyman Bennett, agent," and a consent indorsed on it when issued that the building be finished without extra charge was signed "Lyman Bennett, agent," which is all the evidence from which the extent of his powers can be ascertained. There is no finding describing the extent of his powers or the character of his agency, whether it was general or special. Such a record is quite insufficient to justify this court in holding as a matter of law that Bennett possessed the powers of the principal in respect to the provisions under consideration, or any powers except such as he was shown to have exercised. The burden of showing that Bennett possessed the powers of the principal was under the terms of the policy upon the plaintiff which she failed to sustain. No legal waiver of the provision in respect to unoccupancy having been established, the plaintiff was not entitled to recover.

The order should be affirmed and judgment absolute rendered against the appellant, with costs.

All concur.

Order affirmed and judgment accordingly.