Lewis H. Baumgartel, Respondent, *v.* The Providence-Washington Insurance Company of Providence, R. I., Appellant.

Defendant issued to plaintiff a policy of fire insurance which contained a clause to the effect that, unless otherwise provided by agreement indorsed thereon, it should be void in case of other insurance on the property insured; it also provided that no agent of the company should have power to waive any provision or condition of the policy, except such as by its terms might be the subject of agreement indorsed thereon or added thereto, and as to those that he should have no such power nor be deemed to have waived them unless in writing so indorsed or attached. In an action upon the policy it appeared that, during its life, plaintiff without notice to defendant and without its knowledge or consent, obtained other insurance upon the property; he thereafter informed the agent who had issued the policy of this fact; the agent replied: "All right; I will attend to it." It did not appear that plaintiff then had the policy in suit with him or afterwards applied to said agent for written consent to the other insurance. The property was subsequently destroyed by fire. *Held*, that knowledge of the agent of the

subsequent insurance did not satisfy the condition of the policy ; and that plaintiff having failed to comply therewith the policy was forfeited and void.

Also *held,* that the statements of defendant's agent did not amount to a waiver of the conditions or authorize the application of the doctrine of estoppel.

*Baumgartel* v. *P. W. Ins. Co.* (61 Hun, 118), reversed.

(Argued December 15, 1892; decided January 17, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 11, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This was an action upon a policy of fire insurance issued by defendant to plaintiff.

The facts, so far as material, are stated in the opinion.

*I. N. Ames* for appellant. Under the limited and restricted power of the agent Young as to waiving any condition in the policy, the trial court erred in allowing the plaintiff to show the oral waiver as to subsequent insurance. (*Walsh* v. *H. Ins. Co.,* 73 N. Y. 5 ; *Marvin* v. *U. L. Ins. Co.,* 85 id. 278 ; *Quinlan* v. *P. W. Ins. Co.,* 133 id. 356 ; *Allen* y. *G. A. Ins. Co.,* 123 id. 6 ; *Messelblack* v. *S. F. Office,* 122 id. 583 ; *Armstrong* v. *A. Ins. Co.,* 42 N. Y. S. R. 555 ; *Hill* v. *L. A. Corp.,* 30 id. 539 ; 33 id. 65 ; *Ripley* v. *A. Ins. Co.,* 30 N. Y. 161 ; *O'Brine* v. *P. Ins. Co.,* 45 N. Y. S. R. 389 ; *Hess* v. *W. F. & M. Ins. Co.,* 33 id. 730 ; 125 N. Y. 764 ; *Kyle* v. *C. A. Co.,* 144 Mass. 46 ; *Hale* v. *M. M. L. Ins. Co.,* 6 Gray, 169 ; *Smith* v. *N. F. Ins. Co.,* 60 Vt. 682 ; *Schachne* v. *H. B. F. Ins. Co.,* 10 N. Y. S. R. 705 ; *Hawkins* v. *R. Ins. Co.,* 70 Wis. 1 ; *Warren* v. *P. Ins. Co.,* 47 N. Y. S. R. 421; *MacIntire* v. *M. S. Ins. Co.,* 52 Mich. 188; *Rawlin* v. *H. F. Ins. Co.,* 36 Minn. 433 ; *Lee* v. *H. Ins. Co.,* 3 Gray, 586 ; *B. Ins. Co.* v. *Gibbons,* 43 Kans. 15.) The local agent could only waive or change the policy in the manner provided for in the policy. (*Walton* v. *A. Ins. Co.,* 116 N. Y. 317 ; 122 id. 317 ; 144 Mass. 46 ; 6 Gray, 173 ; 2 Cush. 265 ; 11 id. 263 ; 70 Wis. 1 ; 60 Vt. 682 ; 125 N. Y. 764 ; *Coldwater* v. *L., L. & G.*

*Ins. Co.*, 39 Hun, 178; 109 N. Y. 618; 133 id. 356.) The learned trial court held that inasmuch as the agent did not cancel the policy within five days after he received oral notice of the subsequent insurance, that was in law a waiver of the condition as to other insurance. This was error. (*Williams* v. *P. Ins. Co.*, 57 N. Y. 284; *Allen* v. *M. Ins. Co.*, 99 Mass. 160; *Lipman* v. *N. F. Ins. Co.*, 121 N. Y. 554; *Holly* v. *M. L. Ins. Co.*, 105 id. 437.) The policy was not severable. (*Smith* v. *A. Ins. Co.*, 118 N. Y. 518; *Geiss* v. *F. Ins. Co.*, 129 Ind. 172; *Merrill* v. *A. Ins. Co.*, 73 N. Y. 452; 118 id. 526.) The court erred in not granting a new trial upon the judge's minutes, as there was no evidence tending to prove that the power of the agent, as limited and restricted by the policy, had in any manner been changed or enlarged. (*Armstrong* v. *A. Ins. Co.*, 42 N. Y. S. R. 555; *O'Brien* v. *P. Ins. Co.*, 45 id. 392.) There was no evidence to uphold the verdict. It was contrary to law. (*O'Reilly* v. *L. A. Corp.*, 101 N. Y. 576.)

*Harwood Dudley* for respondent. The provision in the policy, that consent by defendant to other insurance should be indorsed in writing upon the policy, was waived and the company stopped from setting up that provision as a defense. (*Pechner* v. *P. Ins. Co.*, 65 N. Y. 195; *Carroll* v. *C. O. Ins. Co.*, 1 Abb. Ct. App. Dec. 316; *Parker* v. *A. F. Ins. Co.*, 59 N. Y. 1; *Van Allen* v. *F. J. S. Ins. Co.*, 10 Hun, 399; *Ames* v. *N. Y. C. Ins. Co.*, 14 N. Y. 253; *Goit* v. *N. P. Ins. Co.*, 25 Barb. 189; *Pitney* v. *G. F. Ins. Co.*, 61 id. 335; *Whitwell* v. *P. Ins. Co.*, 6 Lans. 166; *Baldwin* v. *C. Ins. Co.*, 39 N. Y. S. R. 752; *Steen* v. *N. F. Ins. Co.*, 89 N. Y. 315; *Van Schaick* v. *N. F. Ins. Co.*, 68 id. 434, 438; *Broadhead* v. *L. F. Ins. Co.*, 23 Hun, 397; *Woodruff* v. *I. F. Ins. Co.*, 83 N. Y. 152; *Haight* v. *C. F. Ins. Co.*, 92 id. 53; *Ansell* v. *H. F. Ins. Co.*, 59 id. 171; *Laniers* v. *W. F. Ins. Co.*, 86 id. 414.) The time of furnishing proofs of loss may be waived by agent and adjuster. (*Smith* v. *H. Ins. Co.*, 47 Hun, 30; *Bishop* v. *A. Ins. Co.*, 130 N. Y. 488; *Goodwin*

v. *M. M. L. Ins. Co.*, 73 id. 480; *Jones* v. *II. F. Ins. Co.*, 26 N. Y. S. R. 844; *Brown* v. *II. F. Ins. Co.*, 23 id. 683.)

O'Brien, J.  The policy of insurance upon which the plaintiff recovered contained the following stipulations and conditions, which form a part of the contract between the parties:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

With reference to this and the other conditions specified, the following provision is inserted at the end of the instrument:

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The contract indemnified the plaintiff against loss or damage by fire to the extent of $1,000 for one year from September 26, 1887, upon a stock of goods in a tailoring establishment, which was destroyed by fire August 15, 1888.  On the 12th of April, 1888, the plaintiff, without notice to the defendant and without its knowledge or consent, applied for and obtained other insurance upon the same property in another company.  On the trial, the plaintiff testified that about a week after he had procured the last policy, while on his way to the post office, he saw the defendant's local agent, who had issued and

BAUMGARTEL v. P. W. INS. Co.

Opinion of the Court, per O'BRIEN, J.

delivered to him the policy in suit, in the street talking with
another man; that he, the plaintiff, walked up to him and said:
"I have another insurance out for $1,000." When the plain-
tiff said that, the agent turned to him and said: "All right I
will attend to it." That is all that was said and the plaintiff
proceeded, as he says, about his business. It does not appear
that the plaintiff had, at the time, the policy with him, or that
he ever afterwards applied to the agent to give the written
consent to the subsequent insurance which is required by the
conditions of the policy. The stipulation with respect to
further insurance is one of the conditions upon which, by the
agreement of the parties, the liability of the defendant
depended in case of a loss, during the term of the insurance.
The parties have also agreed upon the mode in which the
condition could be complied with or waived namely, by writ-
ing indorsed upon the policy in the form of a consent to the
other insurance. The agent had power to give this consent
only in the manner prescribed by the contract. But there is
not in the case any proof even of verbal consent by the agent
that the plaintiff might procure further and additional insur-
ance. Such insurance was procured without any consent
whatever, and it was not till a week after, that the agent had
any knowledge on the subject. The knowledge of the agent
that the subsequent insurance had been obtained did not
satisfy the conditions of the contract. In order to continue
the policy, after the new insurance, the consent of the defend-
ant was essential, and the agent could not give such consent,
so as to bind the company, except in writing, indorsed upon
the policy, or attached thereto, and unless this permission is
so written or attached, the contract provides that the plaintiff
would not claim any right or immunity on account of it. The
effect of such stipulations in a contract of insurance as well as
the manner in which they may be modified or waived by
agents of the company have been so thoroughly discussed, and
so clearly pointed out that a reference to some of the more
recent cases on the subject is all that is needful here. (*Allen
v. German Am. Ins. Co.*, 123 N. Y. 6; *Quinlan v. Provi-*

*dence W. Ins. Co.* 133 id. 356; *Messelback* v. *Norman,* 122 id. 583; *Walsh* v. *Hartford Ins. Co.,* 73 id. 5.)

Under the doctrine of these cases we see no escape from the result which the parties to the contract stipulated should follow the breach of the condition, with respect to subsequent insurance, unless consent was given in the manner provided. The fact, so well known, that in many cases parties procuring policies of insurance never read them, or inform themselves in regard to their terms and conditions, does not justify courts in absolving them from the clearly expressed obligations of contracts into which they have freely entered. In this respect contracts of insurance stand upon the same footing as other contracts. The judgment was sustained at the General Term, not upon the ground that the condition had been performed or that there was a waiver of the condition, but by an application of the doctrine of estoppel. It was held that what the agent said was equivalent to a promise on his part to make the necessary indorsement on the policy and that the company could be required to specifically perform this promise, but since no such circuity was necessary, the law would regard as done what ought to have been done, and thus declare the rights of the plaintiff by holding that the condition had been complied with, or at least, that the defendant was in no condition to insist upon a forfeiture. At most, the language of the agent amounted to nothing more than his personal promise to do something in the future and neither he nor the company could be held to be in default, with respect to such promise, until the plaintiff had presented the policy to him and requested him to make the indorsement. In case of a refusal then to do what he had promised to do it may be, that the plaintiff's reliance upon the promise and any changed condition of the parties with respect to the new insurance, in consequence, would be sufficient to induce a court of equity to compel performance. But as the case stands upon the record it is difficult to apply the doctrine of estoppel. There was no statement of an existing fact upon which the plaintiff relied to his prejudice, and which it would be inequitable to

permit the other party to deny. · Grant that there was a promise by the agent to make the indorsement on the policy, still the plaintiff never presented the policy to him or asked him to make it. Until then it could not be said that the agent refused to carry out the promise. It is not denied on the part of the defendant that the agent had power to indorse the consent on the policy, and his promise to do it was within the fair scope of his powers. But the act which was necessary to continue the policy in force was never performed, and the conversation between the plaintiff and the agent imported nothing more than an understanding that at some future time the plaintiff would produce the policy and the agent would make the necessary indorsement. If the plaintiff understood by what was said that the agent would at some time seek him out and give the written consent in the manner required, the company would not be responsible for the neglect of the agent in that respect. It is seldom that any difficulty would arise with respect to such conditions in a policy of insurance if the policy holder would exercise that reasonable vigilance and intelligence which the law exacts of all parties in the performance of contracts.

For these reasons the judgment of the General and Special Term should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.