Lewis N. Northam, as Assignee for the Benefit of Creditors of Wallace G. Northam, Respondent, *v.* The Dutchess County Mutual Insurance Company of Poughkeepsie, N. Y., Appellant.

1. Fire Insurance — Change of Ownership of Subject of Insurance Effected by General Assignment. A general assignment for the benefit of creditors made by the insured before a loss, without the consent of the insurer indorsed upon or added to a policy of fire insurance as provided therein, effects such a change of ownership of the subject of the insurance as will render the policy void unless saved by waiver or estoppel.

2. Waiver — Estoppel. The facts that before the loss an agent of the insurer was notified by the insured of the assignment, of the assignee's desire that the insurance should be kept good and of his intention to pay a balance of premium due, which he did not pay, and that the insured did not have the policy with him, to which the agent replied, "I will see

that the insurance is all right," and to the effect that the assignee should have the benefit of it, do not constitute a waiver of the conditions of the policy nor do they authorize the application of the doctrine of estoppel.

*Northam* v. *Dutchess Co. Mut. Ins. Co.,* 51 App. Div. 618, reversed.

(Argued February 11, 1901; decided March 26, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 4, 1900, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Horace McGuire* for appellant. The general assignment for the benefit of creditors, made by the insured, is such a change of title as would render the policy void under the provision of the policy. (*Perry* v. *L. F. Ins. Co.,* 61 N. Y. 214; *Orr* v. *H. F. Ins. Co.,* 151 Ill. 149; *Dube* v. *Ins. Co.,* 64 N. H. 527; Ostrander on Fire Ins. 505, § 211; May on Fire Ins. § 264; *Warner* v. *Jaffray,* 96 N. Y. 248.) The local agent had no power or authority to waive the conditions of the policy unless such waiver was in writing and indorsed upon the policy. (*Moore* v. *H. F. Ins. Co.,* 141 N. Y. 224; *Tompkins* v. *H. F. Ins. Co.,* 22 App. Div. 380; *Gray* v. *G. F. Ins. Co.,* 155 N. Y. 180; *Carey* v. *Ins. Co.,* 84 Wis. 80; *Lippman* v. *A. Ins. Co.,* 33 S. W. Rep. 897; *O'Brien* v. *P. Ins. Co.,* 134 N. Y. 28; *Allen* v. *G. A. Ins. Co.,* 123 N. Y. 6; *Messelback* v. *Norman,* 122 N. Y. 578; *Walsh* v. *H. F. Ins. Co.,* 73 N. Y. 5.)

*N. F. Breen* and *A. H. Sawyer* for respondent. The general assignment made by Wallace G. Northam to the plaintiff prior to the fire was not such a change of title as would render the policy void. (2 May on Ins. § 381; *Hitchcock* v. *N. W. Ins. Co.,* 26 N. Y. 68; *Barry* v. *H.-B. F. Ins. Co.,* 110 N. Y. 1; *Terpenning* v. *Agricultural Ins. Co.,* 14 Hun, 299; *Wood* v. *A. F. Ins. Co.,* 149 N. Y. 382; *Griffey* v. *N. Y. C. Ins. Co.,* 100 N. Y. 417; *A. F. & M.*

*Ins. Co.* v. *H. M. Co.*, 48 Mich. 148 ; *Ayers* v. *H. Ins. Co.*, 21 Iowa, 198 ; *Loy* v. *H. Ins. Co.*, 24 Minn. 315 ; *Hummel* v. *Q. Ins. Co.*, 54 Wis. 72 ; *F. M. Ins. Co.* v. *Graybill*, 74 Penn. St. 17.) If the general assignment is a change of title within the terms of the policy, then the forfeiture arising therefrom was waived by the defendant's agent prior to the fire. (*Ellis* v. *A. C. F. Ins. Co.*, 50 N. Y. 402; *Manchester* v. *G. Assur. Co.*, 151 N. Y. 88 ; *Northam* v. *I. Ins. Co.*, 45 App. Div. 177.)

LANDON, J.  The action is upon a New York standard policy of fire insurance issued and delivered by the defendant to the plaintiff's assignor, Wallace G. Northam, August 4, 1898, for $1,000 upon a hotel or summer boarding house, and $1,000 upon the furniture therein.  The plaintiff's assignor was in possession of the insured property under a lease for five years and a contract for its purchase at his option.  The policy stated, " Held on contract; loss, if any, payable as interest may appear."  On August 17th, 1898, the insured made a general assignment for the benefit of his creditors to the plaintiff.  On September 4, 1898, the insured property was destroyed by fire.  It was admitted upon the trial that the plaintiff was entitled to recover the face of the policy, if entitled to any recovery.

The policy contained these provisions :

" This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if any change other than by the death of the insured take place in the interest, title or possession of the subject of insurance (except change of occupancy without increase of hazard), whether by legal process or judgment or by voluntary act of the insured or otherwise, or if this policy be assigned before a loss.''

" This policy is made and accepted subject to the foregoing stipulations and conditions and such other provisions, agreements or conditions as may be indorsed hereon or added hereto ; and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may

be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached."

The main question in this case is whether the general assignment by the insured for the benefit of his creditors to the plaintiff, of the subject of the insurance, before the fire occurred, without the consent of the defendant indorsed upon the policy or added to it made the policy void under the provisions above quoted. The general assignment for the benefit of creditors made the plaintiff the trustee of an express trust, and by statute, so far as real estate was transferred, vested the title in the assignee, subject only to the execution of the trust. (Real Property Law, secs. 76, 80, ch. 547, Laws 1896.) The title to the personal property in like manner vested in the assignee, since in respect of personal property such would be the effect of the assignment in the absence of any statute to the contrary. As trustee of an express trust the general assignee may sue without joining with him the person for whose benefit the action is prosecuted. (Code Civ. Pro. sec. 449.) The plaintiff contends that the action is for the benefit of the assignor. Assuming, without deciding, this to be true, the general assignment made a change in the title of the assignor. Before the assignment he was absolute owner of his own interest in the subject of the insurance; after the assignment the assignee was vested with the title thereto, subject to the execution of the trust, and the assignee was a *cestui que trust* as to a possible balance remaining after the claims of creditors had been satisfied. Within the letter of the provision of the policy a change was made in the title and interest of the assured. (*Perry v. Lorillard Fire Ins. Co.*, 61 N. Y. 214.) The case cited was an assignment in bankruptcy by the register to the assignee selected by the creditors after an adjudica-

tion in involuntary proceedings, declaring the insured a bankrupt. In such a case the bankruptcy proceedings result in discharging the debtor from his debts, while in the case before us, such discharge is not made except by full payment, but we do not think this distinction material. In both cases the assignee is a trustee for the purposes of the trust, and if by an unexpected rise in values the assets in either case should leave a surplus after payment of the debts, we do not doubt the debtor would be entitled to it.

In framing this provision the insurer has in mind the moral risk which experience shows is not the same with all persons, and which may change with a change of circumstances. This is material, and, we think, brings this kind of change of title within the spirit of the provision. The policy is, therefore, void unless saved by estoppel or waiver. (*Moore* v. *Hanover Fire Ins. Co.*, 141 N. Y. 224, and cases there cited.)

Each party moved for a verdict and the court thereupon directed a verdict for the plaintiff. We must, under the defendant's exceptions, ascertain whether there is any evidence to support the finding of waiver or estoppel. The defendant's agent, we may assume, had the power by a proper writing indorsed upon the policy to give the defendant's consent to the change of title or to waive its objection to it.

The premium upon the policy was forty dollars, twenty of which were paid when the policy was issued. The remainder was not paid before the fire. The assignor testified that after the assignment and before the fire, at the request of the assignee, he saw the defendant's agent and told him that he had made a general assignment to the plaintiff; that the plaintiff wanted the insurance kept good; that plaintiff said he would pay the balance of the premium. The witness told the agent that he did not have the policy with him because it was locked up in a safe which he could not open. The agent replied : " I will see that the insurance is all right," and to the effect that the assignee should have the benefit of it.

This falls short of the facts which sustained the policy in *Manchester* v. *Guardian Assur. Co.* (151 N. Y. 88). In that

case the agent agreed to make the necessary indorsement and failed to do so, although the policy was within his reach for the purpose. The promise under the circumstances was held to be either the equivalent of an oral contract for further insurance, or an estoppel precluding the defendant from asserting its own breach of performance. The case before us is not unlike *Baumgartel* v. *Providence-W. Ins. Co.* (136 N. Y. 547) in which the agent, when informed by the insured that he had obtained other insurance for $1,000, answered, "All right, I will attend to it;" and we held this was not a compliance with the terms of the standard policy or waiver of them, but at best but a promise to make the proper indorsement when the policy should be presented to the agent, an event which did not occur in that case, or in this.

We have recently affirmed upon the opinion below a judgment in favor of this plaintiff against another company which had issued a policy upon the same property. (*Northam* v. *International Insurance Co.*, 45 App. Div. 177; 165 N. Y. 666.) The defendant relied upon the same general assignment without waiver or approval indorsed upon the policy or added to it. But in that case the assignee, after the assignment, although he did not present the policy to the agent, did pay him fifteen dollars, the unpaid portion of the premium, upon the agent's representation that in such case it would be all right and the policy would continue, the agent also giving to the assignee a receipt stating it to be for the balance of the unpaid premium upon the policy. We held that the defendant was equitably estopped from interposing the condition of the policy. Moreover, the fact might have been found that the receipt was given to be added or attached to the policy. The facts upon which that case was upheld illustrate the defects of the one before us.

The judgment must be reversed, a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN and WERNER, JJ., concur; HAIGHT and CULLEN, JJ., dissent.

Judgment reversed, etc.