(81 App. Div. 320.)

### LEGNARD v. STANDARD LIFE & ACCIDENT INS. CO.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

**1.** Accident Insurance—Autopsy—Notice to Company.

In a suit on an accident policy requiring that in case of autopsy the company should have notice and opportunity for its medical examiner to be present and participate, a physician testified that he notified the company's agent of an intended autopsy, and said that he "thought it would be advisable to have Dr. M. there, as he was the physician of the company," but the agent refused to have anything to do with it. *Held*, that this did not show a refusal by the insured to comply with the policy which would result in its forfeiture.

**2.** Same—Notice and Proof of Death.

The letter of a physician holding an autopsy, addressed to an accident company, and written by direction of the beneficiary, nearly three months after insured's death, stating that an autopsy had been had and that no disorder was disclosed except two broken ribs, the result of accident, and that the beneficiary claimed under the policy, is not a compliance with the requirement of the policy that immediate written notice of any accident should be given, with full particulars, and affirmative proof of death, of which accident was the approximate cause, furnished within two months from the accident.

**3.** Same—Waiver by Agent—Recitals in Policy—Powers of Agent.

Where a policy, reciting that it is countersigned by the company's "duly authorized agent," provides that its stipulations and conditions cannot be waived or altered by any representative of the company, and that any modification thereof shall be invalid unless indorsed thereon and signed by the president or secretary, the agent so countersigning cannot waive a compliance with the conditions of the policy relative to notice and proof of death.

**4.** Same—Proof of Agency.

In a suit on an accident policy, evidence of a conversation between the beneficiary and a stranger, whom she testifies claimed to be the com-

pany's adjuster, is properly excluded, the proof of agency being insufficient.

Appeal from Trial Term, Saratoga County.

Action by Mary C. Legnard against the Standard Life & Accident Insurance Company. From a judgment for defendant entered upon a nonsuit granted at the close of plaintiff's proof, plaintiff appeals. Affirmed. See 79 N. Y. Supp. 1137.

The action is brought upon a policy of insurance issued by the defendant to Edward Legnard, the plaintiff's husband. By its terms the defendant insured said Legnard for the term of one year from the 2d day of May, 1901, against death resulting from bodily injuries, caused solely by external, violent, and accidental means, and agreed that if death resulted solely from such injuries, as the proximate cause thereof within 90 days, to pay the sum of $2,500 to Mary A. Legnard, his wife. The policy contained the following provisions:

"Immediate notice in writing of any accident and injury on account of which claim is to be made shall be given said company at Detroit, Michigan, with full particulars and full name and address of the insured; and unless affirmative proof of death, * * * and that the same was the proximate result of external, violent and accidental means, is so furnished within two months as to death * * * from the happening of such accident * * * the company shall be released from all liability for the payment of any claim based thereon."

"In case of autopsy being held the company shall have due notice and opportunity for its medical examiner to be present and participate therein. Any refusal on the part of the * * * beneficiary * * * to comply with this provision, shall invalidate and forfeit any and all claims under this policy."

"The stipulations and conditions of this contract for insurance cannot be waived or altered by any representative of the company, and any modification thereof shall be invalid unless endorsed thereon and signed by the president or secretary of the company."

In the testimonium clause it is stated that the company "has caused this contract to be signed by its president and secretary and countersigned by its duly authorized agent." In addition to being signed by the president and secretary, it is "countersigned this 2d day of May, 1901. H. W. Leonard, Agent, M." Further facts are stated in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYON, JJ.

T. F. Hamilton, for appellant.
Edgar T. Brackett, for respondent.

CHESTER, J. It is alleged in the complaint that the defendant waived the provisions of the policy requiring notice of injury and proofs of death, and also the provision requiring due notice of autopsy to be given. The claim of the plaintiff is that these provisions were waived by the defendant's agent Leonard, who had countersigned the policy. Legnard died suddenly February 17, 1902, while on board a railroad train running from Albany to Troy. On the evening of that or of the next day Leonard told the plaintiff that her husband died from heart disease; that that was the decision of the coroner; consequently that freed the company. He said the company had sent word to him to have an autopsy if she wished it. When asked by her if there was anything the company would have her do, he said, "No," the company would not pay anything. No autopsy was had at the time. About three weeks afterwards, while the body was in the vault at the cemetery, the plaintiff again saw Leonard, and told

him that she doubted if Legnard had died of heart disease, and asked if she could have an autopsy, and he said it was too late, the company would not stand it. The plaintiff had an autopsy performed on the body by Dr. McCarthy and other physicians on April 9 or May 9, 1902, it is not made clear by the evidence upon which date. Two broken ribs were found, and no trouble was found with the heart, liver, or kidneys. Dr. McCarthy testified that in his opinion "the cause of death could have been from the fracture of the ribs." He also testified that he notified Leonard of the autopsy, and said to him that he "thought it would be advisable to have Dr. Murray there, as he was the physician of the company. He (Leonard) said they offered Mrs. Legnard to have an autopsy on the body, and she did not do it in time, and the company would have no more to do with it." No proof was given, however, that Dr. Murray represented the defendant or was its physician. I think it cannot fairly be said from this that there was a refusal by the plaintiff to comply with the provision of the policy with respect to notice of autopsy, because of which the policy became invalidated, but the difficulty with plaintiff's case is her failure to comply with the provisions of the policy respecting proofs of death or to show that such provisions had been waived. The only notice to the defendant, other than the conversations with Leonard, was contained in a letter from Dr. McCarthy addressed to the defendant at Detroit, under date of May 9, 1902, written by direction of the plaintiff, stating that an autopsy had been held on the body of Legnard; that they found everything in perfect order, except two broken ribs, a pure accident; and stating that Mrs. Legnard claims the damages under the policy.

A son of the plaintiff testified that on the night before his death Legnard had fallen on his right side across an iron foot scraper four or five inches long, on his piazza. If this accident was the cause of Legnard's death on the following morning, as is claimed, it will be observed that the letter of Dr. McCarthy was not a compliance with the conditions of the policy as to notice and proofs of death, as it was not sent within two months after the accident, nor did it make any attempt to fulfill the requirements of the policy as to such proofs. If these conditions were not waived, the defendant was by the terms of the policy released from all claims under it.

In discussing the case thus far the substance of all of the evidence on the trial showing compliance by the plaintiff with the provisions of the policy respecting notice and proofs of death, and upon which a waiver of the conditions of the policy in respect to these matters can be predicated, has been mentioned, and it need not be repeated.

If Leonard was an agent of the defendant, having power to waive forfeitures or conditions in the policy, there was undoubtedly sufficient evidence to justify the submission of the question of waiver to the jury. An agent of an insurance company, however, possesses only such powers as have been explicitly conferred upon him by the company, or such as third persons have a right to assume that he possesses. Quinlan v. P. W. Ins. Co., 133 N. Y. 357, 31 N. E. 31, 28 Am. St. Rep. 654. In this case the plaintiff had no right to assume that Leonard could waive the conditions of the policy, because

it in express terms contained a prohibition of his so doing. Nor was there any proof whatever as to his powers as agent, except the fact that he countersigned the policy as such, and the statement in the policy that it was countersigned by the defendant's "duly authorized agent." The most that can be claimed for this is that he was a local agent, and authorized to countersign policies issued by the defendant, and such an agent has no power, in violation of the terms of the policy, to waive any of its conditions. Bush v. Westchester Fire Ins. Co., 63 N. Y. 531; Marvin v. Universal Life Ins. Co., 85 N. Y. 278, 39 Am. Rep. 637; Van Allen v. The Farmers' Joint Stock Ins. Co., 64 N. Y. 469; Messelback v. Norman, 122 N. Y. 578, 26 N. E. 34; Hicks v. British Am. Assur. Co., 162 N. Y. 284, 56 N. E. 743, 48 L. R. A. 424.

It was also shown that about a week after mailing the letter written to the defendant by Dr. McCarthy a stranger called upon the plaintiff and had a talk with her about her loss. The court sustained an objection to plaintiff's stating that he claimed to be an adjuster for the defendant, and to her giving the conversation between them, on the ground that it was hearsay, and that he had not been shown to be authorized to speak for the company. It was not shown or offered to be shown that he had Dr. McCarthy's letter in his possession. Nor was there any proof or any offer to prove that he did in fact represent the company, other than such as was included in the question put to plaintiff asking if a man claiming to be an adjuster of the company called upon her. It does not require the citation of authorities that an agency cannot be established by the declarations of the agent alone, yet that was all that was involved in the excluded testimony, and the objection was therefore properly sustained.

I think that the plaintiff failed to establish any liability of the defendant under the policy, or to furnish sufficient proof to justify the submission to the jury of the question whether or not there was a waiver of the conditions of the policy, and that the nonsuit was therefore properly granted.

The judgment should be affirmed, with costs. All concur.