(121 App. Div. 489.)

### ROMANO v. CONCORDIA FIRE INS. CO.

(Supreme Court, Appellate Division, Second Department. Oct. 4, 1907.)

1. INSURANCE—WAIVER OF AGREEMENTS AFFECTING RIGHT TO FORFEIT POLICY —AUTHORITY OF AGENTS.

   A provision of a fire insurance policy that it should be void if the insured had any other insurance, whether valid or not, on the property insured, unless otherwise provided by an agreement in writing indorsed on or added to the policy, could not be waived by the broker who solicited the insurance.

2. APPEAL—ISSUES IN TRIAL COURT—INSURANCE—ACTION ON POLICY—ISSUES NOT RAISED BY PLEADINGS.

   Where, in a suit on an insurance policy, defendant did not plead a breach of the provision relating to prior insurance which was necessary to raise that issue, but the plaintiff introduced and insisted on litigating the question, he must abide by the result.

3. INSURANCE—CONTRACT—REQUISITES AND VALIDITY—NAME OF INSURED.

   An insurance policy is not void because the name of insured is not properly stated therein.

   Hirschberg, P. J., and Woodward, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Salvatore Romano against the Concordia Fire Insurance Company to recover upon a fire insurance policy. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, MILLER, and GAYNOR, JJ.

William A. Walling, for appellant.

George J. McDonnell (Edward J. Kelly, on the brief), for respondent.

GAYNOR, J. The motion to dismiss should have been granted. The defendant claims that the policy of fire insurance sued upon was void ab initio, under the clause in it that it should be void if the insured had any other contract of insurance, "whether valid or not," on the property insured, unless otherwise provided by an agreement in writing indorsed on or added to the policy. There was no such agreement. The plaintiff had a policy on the property in another company. That his name was erroneously stated therein as Sabito Roumani did not make it invalid, but it mattered not if it did. He testified, however, that he told the broker who solicited the policy of the prior insurance, and that the latter said it was void. It was error to submit to the jury on this evidence whether there was a waiver by the defendant of the requirement of the policy in respect of other insurance. The broker, who was not a regular agent of the defendant, much less its general agent, but a mere soliciting broker for companies generally, was not able to waive such requirement; nor could it be waived except in the manner prescribed by the policy. Baumgartel v. Providence Ins. Co., 136 N. Y. 547, 32 N. E. 990, and cases there cited. This matter of other insurance is not trivial but grave.

The defendant did not plead a breach of the said provision of the policy as a defense, which was necessary to enable it to raise that issue, but the plaintiff needlessly introduced and insisted on litigating the question on the trial and must abide by the result.

The judgment should be reversed.

Judgment reversed, and new trial granted, costs to abide the event. JENKS and MILLER, JJ., concur. HIRSCHBERG, P. J., dissents in memorandum, with whom WOODWARD, J., concurs.

HIRSCHBERG, P. J. I dissent. As I understand the case, the plaintiff is willing to "abide by the result." On the other hand, I see no reason why the defendant should have a second trial of an issue not raised by its answer, and which issue cannot be retried without an amendment of the pleading.