SCHEELER v. CASUALTY CO. OF AMERICA.

• (Supreme Court, Trial Term, Erie County.   July, 1912.)

1. INSURANCE (§ 376*)—FORFEITURE—WAIVER—OFFICER AUTHORIZED.
    There can be no waiver of a forfeiture in an insurance policy by an agent, who the policy distinctly provides has no authority to waive its provisions.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 952–955; Dec. Dig. § 376.*]

2. INSURANCE (§ 558*)—FORFEITURE—AUTHORITY TO WAIVE.
    After notice of insured's illness was received by the company, it communicated with its attorney to investigate insured's claim, and the attorney informed insured that notice of his illness had been sent "a little late," and afterwards wrote to insured, inclosing a blank form, with a request that insured fill it out and return it, so that he could note the extent of insured's claim, stating that he did not recall whether insured made any formal claim of indemnity for illness under the policy. *Held*, that the request of the attorney and his retention of insured's sworn

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proof did not constitute a waiver of the provisions of the policy requiring insured to give notice of his illness as soon as reasonably possible.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 915, 1034; Dec. Dig. § 558.*]

3. INSURANCE (§ 388*)—ESTOPPEL—SILENCE BY COMPANY.
Silence on the part of an insurance company or its agents will operate as an estoppel against claiming a forfeiture of the policy only where it has misled insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1026, 1027, 1030, 1035, 1040, 1057; Dec. Dig. § 388.*]

Action by John C. Scheeler against the Casualty Company of America. On defendant's motion for new trial after verdict for plaintiff. New trial granted.

Harold Sturges Rankine, of Buffalo, for the motion.
Walter Hofheins, of Buffalo, opposed.

WHEELER, J. This action was brought to recover upon a policy of insurance providing for the payment of a weekly benefit in the event of the sickness of the insured. The plaintiff was taken ill on October 17, 1909, and confined to his home by his illness until some time the following February, when he was able to take short walks out of doors, and to make visits to his physician's office. He also, at times, took rides with his physician.

The plaintiff gave no notice of his illness to the insurance company until the 24th of June, 1910. The illness of the plaintiff was of the nature of a general nervous breakdown, and it was claimed that his mental and physical condition was such that up to the 1st day of June, 1910, the plaintiff was in no condition so he was able to give notice to the insurance company of his illness. There is no evidence or claim that subsequent to June 1st he was under any such disability.

The defendant claims that the plaintiff cannot recover, because the plaintiff failed to comply with the terms of the policy providing that:

"Written notice of death or disability shall be given to the company at the home office in New York City as soon as it is reasonably possible so to do."

On that proposition the trial court submitted as a question of fact for the jury to determine whether notice of illness was given the insurance company "as soon as reasonably possible," considering all the circumstances of the case.

The plaintiff further contended that, if notice was not given "as soon as reasonably possible," nevertheless the defendant had waived that requirement of the policy. It appeared from the evidence that, after notice of the plaintiff's illness had been received by the insurance company, the company communicated with Mr. Rankine, its present attorney, for the purpose of investigating the merits of the plaintiff's claim. Mr. Rankine interviewed the plaintiff's physician, and sent for the plaintiff, who came to his office.

He questioned him about his sickness, and informed him that the notice of his illness had been sent "late," or a "little late." Mr. Rankine subsequently wrote the plaintiff, on August 25, 1910, in which letter he said:

"At our interview at my office the first part of the month, I do not recall whether you stated that you had made any formal claim for indemnity for illness under your policy. Herewith I inclose blank form, which I wish you would fill out and return to me, so that I may note the extent of your claim."

The plaintiff filled out the blank and gave it to Mr. Rankine. Mr. Rankine testified that, from his conversations with the plaintiff, he had been unable to learn just what amounts the plaintiff claimed for total, and what for partial, disability.

It is contended that acts of Rankine on the part of the insurance company were a recognition of the existing liability of the insurance company, and in any event were of such a character and nature as estopped the defendant from insisting on a forfeiture of the right to recover for the disability insured against, and constituted a waiver of any failure to give timely notice of the illness. The court left it to the jury to say as matter of fact whether there was a waiver of such forfeiture, if they found a failure to give timely notice of illness within the provisions of the policy requiring notice to be given as soon as "reasonably possible."

We think the trial court erred in submitting this question of fact to the jury. Clause No. 9 of the policy, under the head of "General Agreements," provides:

"No condition or provision of this policy shall be waived or altered, save in writing by an executive officer of the company, and no notice given to or possessed by any agent or other person shall be held to effect a waiver or change in the contract."

Certainly Mr. Rankine was not an "executive officer" of the defendant.

[1] Is the provision of the policy quoted controlling? The general rule of law seems to be that, although there may be an express waiver of a forfeiture of a policy by an insurance company through an officer having authority to waive, and though an agent having apparent authority may place the insured, who relies on such apparent authority, in such a position that the courts will enforce an equitable estoppel against the company, nevertheless a waiver or an estoppel based upon the latter proposition can never be made out where by the terms of the policy itself it is clear that the agent has no power or authority to waive, and it is distinctly provided that he cannot do so. Quinlan v. Providence Washington Ins. Co., 133 N. Y. 356, 31 N. E. 31, 28 Am. St. Rep. 645; Northam v. Dutchess Co. Mutual Ins. Co., 166 N. Y. 319, 59 N. E. 912, 82 Am. St. Rep. 655; Allen v. German Ins. Co., 123 N. Y. 6, 25 N. E. 309; Messelback v. Norman, 122 N. Y. 583, 26 N. E. 34; Walsh v. Insurance Co., 73 N. Y. 5; Romano v. Insurance Co., 121 App. Div. 489, 106 N. Y. Supp. 63; Baumgartel v. P. W. Ins. Co., 136 N. Y. 547, 32 N. E. 990; Marvin v. Universal L. Ins.

Co., 85 N. Y. 278, 39 Am. Rep. 657; O'Brien v. Prescott Ins. Co., 134 N. Y. 28, 31 N. E. 265; Moore v. Hanover Ins. Co., 141 N. Y. 219, 36 N. E. 191.

In Messelback v. Norman, 122 N. Y. 583, 26 N. E. 34, the court said:

"Under a policy containing a provision that the insurer shall not be bound. * * * by any act of or statement made * * * by any agent * * * which is not authorized by this policy or contained therein, or in any written paper mentioned thereon, the power can only be exercised in the mode prescribed, unless it is shown that the agent possessed actually or apparently the power of his principal in respect to the provisions alleged to have been waived"—citing Walsh v. Hartford Fire Ins. Co., 73 N. Y. 5; Marvin v. Universal Life Ins. Co., 85 N. Y. 278, 39 Am. Rep. 657.

In Quinlan v. Providence Washington Ins. Co., 133 N. Y. 356, 31 N. E. 31, 28 Am. St. Rep. 645, it was held that nonperformance of a condition of a policy invalidated it, and that, when by such provision an agent had no right to waive its conditions, his acts could not constitute a waiver, and that the insured was bound to take notice of its conditions, and the fact he did not read the policy or know its conditions was immaterial. See, also, the case of Legnard v. Standard Life & Accident Ins. Co., 81 App. Div. 320, 81 N. Y. Supp. 516.

[2] The policy of insurance sued on in this action expressly provided that:

"No condition or provision of this policy shall be waived or altered, save in writing by an executive officer, and no notice given to or possessed by any agent or other person shall be held to effect a waiver or change of this contract."

Certainly there is no evidence in this case of any such authority given Mr. Rankine. And even though he had possessed the authority to waive, it can hardly be said what he did or omitted to do in reference to the matter can be construed as a waiver of the conditions of the policy. Certainly the retention of the sworn proofs made by the plaintiff did not constitute a waiver. Perry v. Caledonian Ins. Co., 103 App. Div. 113, 93 N. Y. Supp. 50.

[3] Silence on the part of the company or its agents operates as an assent and creates an estoppel only where it has the effect to mislead. More v. Bowery Fire Ins. Co., 130 N. Y. 537, 29 N. E. 757. The letter of Mr. Rankine to the plaintiff suggested the purpose of the request, simply that he might "note the extent of your claim." The plaintiff had been informed his claim was late, and can it be fairly said that the plaintiff had been prejudiced by the furnishing of sworn proofs under the circumstances? We hardly think so.

The verdict of the jury was a general one in favor of the plaintiff. We are unable to say whether the jury's verdict was predicated upon a finding that the notice of illness was given the insurance company as soon as "reasonably possible," or upon a finding that the defendant had waived the requirements of the policy

as to notice of illness. Under such circumstances the submission to the jury of the question of waiver necessarily leads to a reversal, and the granting of a new trial.

So ordered.